IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| LARRY GENE CURTIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:09-CV-06098-DGK |
| ) | |
| COI BAKER, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING MOTIONS *IN LIMINE*

Pending before the Court is Plaintiff's Motion *In Limine* (doc. 80) and Defendant Baker's Motion *In Limine* (doc. 81). Plaintiff moves to exclude any reference to: his past criminal history, any past court ruling that does not pertain to this case, or any mention of his medical history that does not pertain to this case. Baker seeks to exclude any prior rulings, findings, or orders by this Court regarding Plaintiff's claims; any reference to the fact that Plaintiff has not hired or been appointed counsel; any evidence or mention of coverage under the State of Missouri's Legal Expense Fund; and any offers, demands, or information relating to settlement negotiations. The Court rules as follows.

**I.  Plaintiff's motion *in limine*.**

**1.  Limited evidence of Plaintiffs' criminal history is admissible.**

Federal Rule of Evidence 609 provides that for purposes of attacking the character for truthfulness of a witness, evidence that the witness has been convicted of a felony is admissible if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect. Admission of such evidence "is based on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be

deterred from lying under oath." *Cummings v. Malone*, 995 F.2d 817, 826 (8th Cir. 1993). Cross-examination, however, is "limited to eliciting the name, date and disposition of the felony" for each felony committed. *Id*. Accordingly, if Plaintiff testifies Baker will be allowed to elicit on cross-examination the name of the conviction, the date of the conviction, and the sentence for the conviction.

> **2.      Evidence of "past rulings that do not pertain to this civil case" is excluded.**

Baker does not oppose this portion of Plaintiff's motion, and it is granted.

> **3.      Evidence of Plaintiff's medical history that does not pertain to this case is excluded.**

Baker does not oppose this portion of Plaintiff's motion, and it is granted.

## II.     Defendant's motion *in limine*.

> **1.      Prior court rulings or orders are inadmissible.**

Baker is concerned that Plaintiff may seek to inform the jury of the Court's previous rulings or findings, particularly the Court's denial of Baker's summary judgment motion. The Court's previous rulings are simply legal determinations that are not appropriate to place in front of the jury. They are not findings of fact. References to the Court's previous rulings or findings are improper and impermissible.

> **2.      Plaintiff's self-representation is inadmissible.**

The fact that Plaintiff does not have counsel is irrelevant to this case. No party shall reference the fact that Plaintiff has not been appointed counsel and cannot afford to hire counsel.

> **3.      Any reference to Missouri's Legal Expense Fund is impermissible.**

Baker observes that a portion of any award of damages against Baker could be paid by Missouri's Legal Expense Fund ("LEF"), § 105.711 RSMo. While the LEF is not insurance, it is

analogous to insurance, and like insurance, it is irrelevant to the issues to be determined by the jury. Accordingly, no party will introduce evidence of, make argument about, or otherwise refer to the LEF.

### 4. Information regarding settlement offers or discussions is inadmissible.

Rule 408 provides that offers to compromise and settlement discussions are not admissible to prove liability or to impeach through a prior inconsistent statement or contradiction. Although it is admissible for other, very limited purposes, the Court does not anticipate that it will be admissible in this case. Consequently, no party will be permitted to refer to offers to compromise or settlement discussions without first discussing the issue out of the jury's presence and receiving the Court's express permission.

**IT IS SO ORDERED.**

DATE: October 18, 2011         /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT