IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| LARRY GENE CURTIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:09-CV-06098-DGK |
| ) | |
| CO I BAKER, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING PLAINTIFF'S MOTION

This pro se § 1983 lawsuit arises from Plaintiff's alleged fall from the top bunk onto the cell floor while in the custody of the Missouri Department of Corrections. Plaintiff is suing the corrections officer who allegedly ignored a medical restriction that he not be placed in a top bunk. This case is currently set for a jury trial beginning November 14, 2011.

Pending before the Court is Plaintiff's "Motion to Amend Complaint," which is a misnomer because it is really a request for the Court to reopen discovery and issue a subpoena on the custodian of records for the Crossroads Correctional Center in Cameron for the following items: Defendant Baker's time card for September 6-7, 2007; "video of 9-6-07 from 6 p.m. to 1 a.m.;" "video of 9-22-07 medical emergency;" and inventory records of Plaintiff's property at the time of his admittance to housing unit number two. Defendant opposes the request, noting this is the second time after the close of discovery that Plaintiff has requested discovery be re-opened. Defendant argues Plaintiff could have requested these documents at any time prior to the last two weeks before trial, and that it is unlikely the materials could be located and produced without moving the trial setting.

"Once discovery has closed in a case, it is the court's discretion whether or not to allow it to be reopened." *Boardman v. Nat'l Med. Enter.*, 106 F.3d 840, 843 (8th Cir. 1997). Here the requested discovery does not appear to be particularly important. These items appear to relate to undisputed matters, such as whether Defendant Baker was on duty that day, or whether a medical team was called to the scene. At the same time, the timely administration of justice requires that scheduling orders be respected and that discovery not be reopened unless there is a real need to do so. The Court cannot say that is the case here. Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

DATE: November 8, 2011 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT