IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| LARRY GENE CURTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:09-CV-06098-DGK |
| | ) | |
| CO I BAKER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR NEW TRIAL

This lawsuit arises from Plaintiff's fall from the top bunk onto a cell floor while in the custody of the Missouri Department of Corrections. Plaintiff, who is representing himself, has sued the corrections officer who allegedly ignored a medical restriction that he not be placed in a top bunk under 42 U.S.C. § 1983. After a two day trial, the jury found for the Defendant on all counts.

Pending before the Court is Plaintiff's "Request for a New Trial" (doc. 125) brought pursuant to Federal Rule of Civil Procedure 59. The Court has carefully reviewed the parties' filings and DENIES the motion for the following reasons.

**Standard**

A motion for new trial may be granted when the verdict is against the weight of the evidence, when prejudicial error has entered the record, or when substantial error by the court or a party requires a new trial be given for justice to be done. *Id.*; Fed. R. Civ. P. 59(a)(1), 61. The authority to grant a new trial lies within the discretion of the district court. *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996).

"In determining whether a verdict is against the weight of the evidence, the trial court can rely on its own reading of the evidence—it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992). But the court's discretion is not boundless. It is not free to reweigh the evidence and set aside the jury's verdict merely because it feels another result would be more reasonable, nor may it usurp the jury's role of weighing the evidence and credibility of witnesses. *Id.* at 781. The court may order a new trial only when after careful judicial balancing it has determined that a miscarriage of justice has resulted. *Id.* at 780.

## Discussion

Plaintiff argues that the jury's verdict was generally

> given under the influence of passion or prejudice, due to erroneous instructions of the court because of abuse of discretion of the court, misconduct of the jury or party, or accident or surprise which ordinary prudence could not have guarded against, or for any other cause whereby the party was not afforded a reasonable opportunity to present his evidence and be heard on the merits of the case.

Plaintiff also contends the verdict is "in whole or in part contrary to the evidence." These generic assertions are followed by various citations to boilerplate case law, all of which are accurate, but none of which are particularly applicable to the evidence in this case. The Court finds no merit to these general arguments.

Plaintiff also argues that Defendant Baker can be held liable for deliberately disregarding a serious medical need of his. The evidence, however, supports Baker's contention that after Plaintiff declared his cellmate to be an enemy and immediately had to be placed in a new cell which was assigned by Baker's superiors, Plaintiff did not tell Baker of his medical restriction that day, and that the alleged conversation may have taken place more than six months prior to the cell move at issue. Although Sergeant Boudreaux testified that if Baker's superiors had

noted a medical restriction in an inmate's file when assigning a new cell, that restriction would have been followed, that does not mean Baker was ever told of the restriction or was otherwise aware that Plaintiff had a medical restriction limiting him to the bottom bunk. Consequently, the Court holds the jury's verdict is supporting by ample evidence in the record, and that the jury's verdict did not result in a miscarriage of justice.

Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

DATE: <u>February 2, 2012</u>　　　　　　　　　　　　<u>/s/ Greg Kays</u>
　　　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT